```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        LAREDO DIVISION
```

| | |
|---|---|
| DERLY VILLARREAL,                          * | |
|                                            * | |
|         Plaintiff,                         * | |
| VS.                                        * | CIVIL ACTION NO. L-05-223 |
|                                            * | |
| CITY OF LAREDO, LAREDO POLICE              * | |
| DEPARTMENT, AGUSTIN DOVALINA III,*           | |
| AND JOSE F. MORALES,                       * | |
|                                            * | |
|         Defendants.                        * | |

## MEMORANDUM AND ORDER

This federal civil rights claim, originally filed in the McAllen Division but later transferred to this division, arises from a rather routine traffic accident on the streets of Laredo. Plaintiff Derly Villarreal was the driver of a propane gas truck and Suzanne Swan was the driver of a Chevrolet sedan. The incident occurred near noon on May 11, 2005, at the busy intersection of Calton Road and Interstate Highway 35. Both vehicles were travelling west on Calton Road and both were attempting to turn left from their respective lanes onto Santa Ursula Avenue. The truck hit the left rear quarter panel of the sedan. The basis for the instant suit is that Defendant Jose Morales, a Laredo Police officer, subsequently arrested Villarreal for violating §550.022 of the Texas Transportation Code, a provision which essentially deals with a "hit and run" situation. Both Morales and Defendant Agustin Dovalina III, the Chief of Police, have filed motions for summary judgment invoking the defense of qualified immunity.

The summary judgment record primarily consists of detailed

sworn statements submitted by both Morales and Villarreal. According to Morales, he received a call from a dispatcher advising that there was a "hit and run" traffic accident and that "a citizen" had stopped the fleeing vehicle about three blocks from the accident scene. Upon arriving at the scene, Morales saw Plaintiff's truck stopped on the side of the road with "a third vehicle" stopped in front of it, "blocking" the truck. The vehicles were, according to Morales, three blocks from the site of the accident.

Morales then met with Swan, the driver of the sedan. She stated that Plaintiff's truck had disregarded a traffic control signal, collided with her vehicle, made no effort to stop, and "only looked at her damaged vehicle." Swan then said she went "looking around" for the truck, located it at the 1000 block of West Calton Road, and drove to that spot.

Morales declares that he then met with Plaintiff Villarreal, who stated that he was not immediately aware that he had struck the vehicle but stopped his truck and saw damage to his own vehicle. Morales then asserts that he met with Robert Perez, whom he identifies as the person whose vehicle was blocking Plaintiff's truck. Perez advised that he saw Villarreal strike the vehicle and failed to stop, and Perez claimed that he did block the Plaintiff's vehicle. Morales stated that Plaintiff's vehicle had not stopped at the nearest available location. Based on his investigation,

2

Officer Morales concluded that Villarreal had violated §550.022 of the Transportation Code and arrested him.

### Defendant Morales' Motion

As a preliminary matter, this arrest appears to have violated Texas law. Plaintiff's alleged violation would be a Class B Misdemeanor at worst. Article 14.01 of the Texas Code of Criminal Procedure generally provides that a peace officer may arrest without a warrant if the offense is committed in his presence or within his view. See Throneberry v. State of Texas, 109 S.W.3d 52, 57 (Tex. App.- Ft. Worth 2003, no. pet.). This offense was neither committed in the presence of Officer Morales nor within his view. Nevertheless, the Fifth Circuit Court of Appeals has held that a federal civil rights case will not lie merely because a warrantless misdemeanor arrest violates state law. Fields v. City of South Houston, 922 F.2d 1183, 1189 (5th Cir. 1991). Instead, for §1983 purposes, the question is whether the arresting officer lacked probable cause. Probable cause exists when facts and circumstances within the arresting officer's personal knowledge, or of which he has reasonably trustworthy information, are sufficient to cause a person of reasonable prudence to believe that an offense has been committed. Bigford v. Taylor, 834 F.2d 1213, 1218 (5th Cir. 1988). For purpose of the qualified immunity defense, the focus is even narrower. The question becomes whether a reasonable officer "could have believed" that the warrantless search was lawful in light of

3

clearly established law and the information that he possessed. Bigford v. Taylor, 896 F.2d 972, 974-75 (5th Cir. 1990) ("Bigford II).

The instant case would be easily resolved if only the Morales affidavit were before the Court. However, the Plaintiff's affidavit flatly disputes several important facts bearing on the question of whether Officer Morales could reasonably believe Plaintiff probably committed the "hit and run" offense. Plaintiff has sworn that he did stop at the nearest possible opportunity, considering the volume of traffic and the size of his vehicle. He further specifically swears that he stopped only 1 ½ blocks from the site of the impact, not three blocks away. More importantly, he denies that any third party blocked his truck and caused him to stop. Instead, he says that after he stopped voluntarily, Swan stopped directly behind him. She stated that she was "okay" and had already called the police. According to Plaintiff, the third party in question did not arrive until approximately five minutes later and then parked in front of the truck. He says that this individual and Swan talked for a few minutes. The third party then asked Plaintiff if he was the driver of the truck. Plaintiff relied that if this person were not involved in the accident, it was not his concern. The man then drove away before Officer Morales even arrived. Villarreal avers that when Morales arrived, he spoke only to Swan and never spoke to any third party. He

4

further avers that Morales never asked him for his own version of the events, nor did he speak with Plaintiff's passenger, who had been present throughout the episode.

To summarize, if Villarreal's facts are true, then Officer Morales arrived near the scene of an accident, saw two vehicles parked back-to-back about a block and a half from the accident scene, spoke briefly only to the driver of the sedan, and never spoke to any third party, nor to Plaintiff's passenger, and only cursorily with Plaintiff himself. After that very brief investigation, the officer arrested Plaintiff for committing an alleged misdemeanor.

When, as here, there are underlying facts in dispute which are material to resolution of the question whether the officer acted in an objectively reasonable manner, denial of the motion for summary judgment is appropriate. Wooley v. City of Baton Rouge, 211 F.3d 913, 919 (5th Cir. 2000).

### Other Defendants

Plaintiff has named the Laredo Police Department as a Defendant. To the best of this Court's knowledge, that department is simply one of many city departments and is not a separate legal entity for purposes of legal liability. Plaintiff has also sued both the City of Laredo and also the Chief of Police in his official capacity, which is redundant. Suit against an individual in his official capacity is the equivalent of a suit against the

governmental entity.  McCarthy v. Hawkins, 381 F.3d 407, 414 (5th Cir. 2004).  Dovalina is also sued individually.  The allegations in the complaint as to Dovalina and the City are rather sparse.  In Paragraph 13, Plaintiff alleges that the acts of Morales were either committed on the "instruction" of the Laredo Police Department and Chief Dovalina or with their knowledge and consent or were thereafter approved and ratified by the Defendants.  As part of the summary judgment motions, Dovalina has filed a sworn declaration that he was not personally involved in this incident, was not at the scene of the incident, nor was he consulted about the arrest of the Plaintiff.  He did not direct Morales to arrest the Plaintiff.  He avers that the filing of this lawsuit was his first notice of the incident, that he never reviewed the circumstances of the arrest, nor did he approve or ratify the arrest.  This affidavit is uncontroverted and, therefore, Dovalina is GRANTED summary judgment on this issue in both his individual and official capacities.  In his response to the summary judgment motion, Plaintiff actually asserts a different ground of relief, albeit it without any factual support.  He says that the alleged incompetence of Morales "obviously stems from inadequate training" and concludes that Morales was "improperly trained and/or supervised."  The Court will allow Plaintiff to file an amended complaint alleging this theory, if he chooses to do so.  Plaintiff is cautioned, however, that for federal civil rights purposes, the

6

claim of improper training and supervision is one easy to assert but difficult to establish.  Plaintiff must show not only that a supervisor failed to properly train or supervise Morales, but that there is a casual link between that failure and Plaintiff's injury.  The failure to train or supervise must amount to deliberate indifference.  <u>Estate</u> <u>of</u> <u>Davis</u> v. <u>City</u> <u>of</u> <u>North</u> <u>Richland</u> <u>Hills</u>, 406 F.3d 375, 381 (5th Cir. 2005).  The standard is a stringent one, usually requiring a pattern of violations linked to the violation in question.  <u>Id</u>.  Plaintiff and his attorneys should be mindful of the provisions of Rule 11, Fed. R. Civ. P., in deciding whether to pursue such a claim.

<u>                                Summary                                </u>

For the foregoing reasons, the motion for summary judgment by Defendant Morales is DENIED.  The motion by Defendant Dovalina, individually and officially is GRANTED as to the allegations in the current Complaint.  The Laredo Police Department is DISMISSED as a party defendant.  Plaintiff is allowed until August 25, 2006, to file an amended complaint, asserting a failure to train/supervise claim against Dovalina individually and/or in his official capacity.  This case is no REFERRED to Magistrate Judge Diana Saldaña for further pre-trial handling.

**DONE at Laredo, Texas, this 5th day of August, 2006.**

**_____**
**George P. Kazen**
**United States District Judge**